# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                       Plaintiff,<br>v.<br><br>SHAWN HOLIDAY (4),<br><br>                       Defendant. | Case No. 09cr3393 BTM<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

On September 17, 2010, the Court filed an opinion and order denying defendant Shawn Holiday's motions to suppress evidence and motion to dismiss. The Court has considered the motion for reconsideration and reviewed the transcript of the testimony at the evidentiary hearing. For the reasons set forth below, the Court denies the motion for reconsideration.

The Court incorporates its findings of fact set forth at pages 1 through 4 of the opinion and order. At page 3, lines 5 to 10, the Court found that Branch twice met with the driver of the Lincoln Navigator in the car wash. Holiday later was arrested driving the Lincoln Navigator. While none of the witnesses specifically identified Branch as speaking to the driver of the Lincoln Navigator, the Court draws that inference from the following evidence.

Yukon Branch twice left the confidential source ("CS") to meet with the cocaine supplier who was nearby, the first time to deliver half the money to the supplier for half the cocaine, and the second time to deliver the entire $8,000 cash purchase price to the supplier.

1    Detective Charlot observed the Lincoln Navigator enter stall 2 of the car wash, and
2 about eight minutes later saw Branch go into this stall and go over to the passenger side of
3 the Navigator.  After about two minutes, Branch walked out of stall 2 and returned to the area
4 where the CS was located.  A few minutes later, Charlot saw Branch walk back to the car
5 wash, enter stall 2 again, and walk to the passenger side of the Navigator.  A few minutes
6 later, he saw Branch leave stall 2 and return to the area near Branch's apartment where the
7 CS was located.  Detective Charlot could not see what Branch was doing in the car wash
8 stall.  (Tr. at 171-76, 184, 380.)

9    Detective Howard testified that he drove by the car wash when other officers advised
10 him Branch was in the car wash.  He saw Branch and another male standing behind the
11 Navigator talking.  He could not identify the male Branch was talking to.  (Tr. 195-205.)

12   Detective Schaeffer testified that he also drove by the car wash during the relevant
13 time period and saw an African-American male (Branch is African-American) standing on the
14 passenger side of the Navigator in stall 2.  (Tr. 211-18.)

15   The Ninth Circuit explains, "Probable cause may be based on the collective knowledge
16 of all of the officers involved in the investigation and *all of the reasonable inferences that may*
17 *be drawn therefrom*."  United States v. Hoyos, 892 F.2d 1387, 1392 (9th Cir. 1989), overruled
18 on other grounds, United States v. Ruiz, 257 F.3d 1030 (9th Cir. 2001) (emphasis added).
19 The court may consider the experience and expertise of the officers involved in the
20 investigation and arrest when determining probable cause.  Id.

21   Upon reviewing the testimony set forth above, the Court concludes that there is
22 sufficient circumstantial evidence to draw the inference that Branch received the cocaine
23 from the driver of the Navigator, who was later identified as the defendant Shawn Holiday.
24 It is undisputed that Holiday was the driver of the Lincoln Navigator as it left the car wash and
25 that the Navigator was parked in stall 2.  Although the Navigator entered stall 2 of the car
26 wash, it was never washed.  The agents saw Branch enter stall 2 twice for purposes of
27 obtaining cocaine, and there is no evidence that anyone else entered the car wash while it
28 was being surveilled.  Branch spoke to someone in stall 2, then returned directly to the CS

and delivered the cocaine. Holiday drove out of stall 2 and left the car wash shortly after Branch left stall 2 for the second time.

In its September 17, 2010 Order, the Court stated that Branch spoke to the driver of the Navigator and thereafter again met with the driver. (Order at 3:6, 10; 5:11, 14.) The Court's statements are based on inferences that the officers reasonably and properly drew from the actual observations they made. To the degree it may be thought that the Court found that the officers actually observed Branch meet with the driver of the Navigator, this Order makes clear that no such objective observations were made. Nevertheless, the observations and information available to the officers support probable cause to believe that Branch met with an occupant of the Navigator (Holiday) who supplied Branch with the cocaine he delivered to the CS.

Therefore, having fully considered all the arguments of the defendant, the opinion and order of September 17, 2010 is clarified, and the motion for reconsideration is **DENIED**.[1]

**IT IS SO ORDERED.**

DATED: December 2, 2010

*Barry Ted Moskowitz*
Honorable Barry Ted Moskowitz
United States District Judge

---

[1] During the hearing on August 2, 2010, defendant Holiday wanted to ask questions of Agent Higgins on his own behalf. Since Holiday was represented by counsel, the Court held that Holiday could not himself ask questions. (Tr. 365-66.) Holiday submitted the questions to be filed under seal. Holiday has since decided to represent himself. At the hearing on the motion for reconsideration on November 22, 2010, the Court offered Holiday the opportunity to ask his questions now that he represents himself. Holiday declined and chose not to pose the questions.