# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                            Plaintiff,<br>  v.<br><br>SHAWN HOLIDAY,<br><br>                            Defendant. | Case No. 09cr3393 BTM<br><br>**ORDER DENYING MOTION TO DISMISS § 851 INFORMATION** |

On November 20, 2010, the Government filed an Information alleging that on March 28, 1991, Defendant was convicted of the offense of Possession of Marijuana for Sale, a felony, in violation of California Health & Safety Code § 11359. According to the Government, as a result of Defendant's conviction, Defendant is subject to enhanced penalties under 21 U.S.C. §§ 841(b)(1)(B) and 851 (imprisonment for a minimum of ten years and a maximum of life, a fine of up to $4,000,000, and a minimum of eight years of supervised release).

Defendant has filed a motion to dismiss the § 851 Information. According to Defendant, his conviction under Cal. Health & Safety Code § 11359 was reduced to a misdemeanor. Therefore, Defendant argues, his conviction does not qualify as a "felony drug offense" that would subject him to enhanced penalties under 21 U.S.C. § 841(b)(1)(B). Defendant is mistaken.

Under 21 U.S.C. § 841(b)(1)(B), the mandatory minimum sentence increases from

five years to ten years for defendants with a prior conviction for a "felony drug offense." A "felony drug offense" is defined as "an offense that is punishable by imprisonment for more than one year under any law of . . . a State . . . that prohibits or restricts conduct relating to narcotic drugs . . . ." 21 U.S.C. § 802(44).  To determine whether a state "felony drug offense" is punishable by more than one year, it is necessary to look to the state's *statutory maximum sentence*.  United States v. Rosales, 516 F.3d 749, 758 (9th Cir. 2008).

Prior to amendment in 2011, Cal. Health & Safety Code § 11359 provided: "Every person who possesses for sale any marijuana, except as otherwise provided by law, shall be punished by imprisonment in the state prison." California Health & Safety Code § 11362 defined a "felony offense" as "an offense for which the law prescribes imprisonment in the state prison as either an alternative or the sole penalty, *regardless of the sentence the particular defendant received*." (Emphasis added.)  California Penal Code § 18 provided: "Except in cases where a different punishment is prescribed by any law of this state, every offense declared to be a felony, or to be punishable by imprisonment in a state prison, is punishable by imprisonment in any of the state prisons for 16 months, or two or three years."

Under California law, the maximum sentence for a violation of Cal. Health & Safety Code § 11359 was three years.  Therefore, regardless of what sentence Defendant ultimately received, Defendant was convicted of a "felony drug offense."

Defendant argues that his conviction was a "wobbler" and that the state court reduced the offense to a misdemeanor. Defendant also cites to United States v. Denton, 611 F.2d 646 (9th Cir. 2010), in which the Ninth Circuit held that when a district court finds that a defendant has committed a wobbler offense, *but the offense is uncharged*, no presumption applies as to whether the offense is punishable as a felony or a misdemeanor.  Here, however, Defendant's offense was charged as a felony, and Defendant entered a plea of guilty to the felony charge. (Def. Ex. D - Amended Complaint -Felony; Plea of Guilty/No Contest - Felony).

Furthermore, a violation of Cal. Health & Safety Code § 11359 is a straight felony, not a wobbler. California Penal Code § 17, subd. (b), gives the trial court discretion to treat a

felony "punishable . . . by imprisonment in the state prison or by fine or imprisonment in the county jail" as a misdemeanor in certain circumstances. Section 17, subd. (b), only applies to offenses known as "wobblers" for which the Legislature has authorized alternative punishment besides state prison incarceration. People v. Mauch, 163 Cal. App. 4th 669, 674 (2008). "Absent alternate punishment authorized by statute, a trial court has no power to reduce a straight felony to a misdemeanor." Id. (internal quotation marks omitted).

Cal. Health & Safety Code § 11359 and Cal. Penal Code § 18 do not provide for punishment other than imprisonment in the state prison.[1] Therefore, regardless of the fact that Defendant was sentenced to only 90 days in County Jail and ordered to pay a fine of $100, Defendant was convicted of a "straight felony," and the trial court had no power to reduce the felony to a misdemeanor. See Mauch, 163 Cal. App. 4th at 674-77 (holding that trial court lacked the authority to reclassify offense of violating Cal. Heath & Safety Code § 11358 (marijuana cultivation) as a misdemeanor because § 11358 provided for punishment by imprisonment in the state prison only and was therefore a straight felony); People v. Myers, 170 Cal. App. 4th 512 (2009) (holding that offense of violating Cal. Health & Safety Code § 11350 (possession of cocaine) was not a "wobbler" and could not be reduced to a misdemeanor).

At any rate, the state court never indicated that it was reducing the felony conviction to a misdemeanor. The court explained that pursuant to the terms of the plea agreement, Defendant would be placed "on probation in effect" and that after 18 months of successful probation, Defendant could *withdraw* his plea and enter a new guilty plea to *misdemeanor possession*. There is no evidence that Defendant ever withdrew his guilty plea and entered

---

[1] In addition to providing that "every offense declared to be a felony, or to be punishable by imprisonment in a state prison, is punishable by imprisonment in any of the state prisons for 16 months, or two or three years," Cal. Penal Code §18 also provided, "every offense which is prescribed by any law of the state to be a felony punishable by imprisonment in any of the state prisons or by a fine, but without an alternate sentence to the county jail, may be punishable by imprisonment in the county jail not exceeding one year or by a fine, or by both." Section 18 allows courts to reduce felonies to misdemeanors only when the felony is punishable in the alternative by a prison sentence *or* fine. People v. Isaia, 206 Cal. App. 3d 1558, 1564 (1989). Cal. Health & Safety Code § 11359 does not provide for punishment by fine.

a new plea to misdemeanor possession (Cal. Health & Safety Code § 11357(b)).

In sum, Defendant's conviction under Cal. Health & Safety Code § 11359 qualifies as a "felony drug offense" under 21 U.S.C. § 841(b)(1)(B).  Therefore, Defendant's motion to dismiss the § 851 Information is **DENIED**.

**IT IS SO ORDERED.**

DATED:  August 23, 2011

*[signature]*

Honorable Barry Ted Moskowitz
United States District Judge